IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:16CR316-1 |
| | : | |
| RYAN BRAZEL | : | |

RESPONSE BY UNITED STATES TO DEFENDANT'S
MOTION FOR EARLY TERMINATION OF SUPERVISION

NOW COMES the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and responds without objection to Defendant Ryan Brazel's motion for early termination of supervised release.

Pursuant to a guilty plea, Defendant Brazel was convicted in the Southern District of Illinois of conspiracy to commit mail fraud and wire fraud in connection with telemarketing in violation of Title 18, United States Code, Sections 1349 and 2326(1). On June 29, 2012, Brazel was sentenced to 121 months of imprisonment, to be followed by five years of supervised release. On November 15, 2012, pursuant to a Rule 35 motion, Brazel's sentence was reduced to 70 months, followed by five years of supervised release. Defendant Brazel's term of supervised release commenced on November 20, 2015.

Effective September 2, 2016, the Court assumed jurisdiction over Defendant Brazel's case. (Dkt. Entry #1). On April 29, 2019, Brazel moved for early termination of supervised release. (Dkt. Entry #3).

DISCUSSION

The statute governing supervised release terms provides that:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation,[1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice; . . . .

18 U.S.C. § 3583(e) (footnote not in original). In exercising its discretion to terminate supervised release upon a defendant's completion of at least one year of supervision, the district court must consider "a variety of considerations,

---

[1] The provisions of the Federal Rules of Criminal Procedure referred to in § 3583(e) are now codified at Fed. R. Crim. P. 32.1(c). That rule generally directs courts to hold hearings prior to any modification, Fed. R. Crim. P. 32.1(c)(1), but further provides, in relevant part, that "[a] hearing is not required if: . . . (B) the relief sought is favorable to the person [on probation or supervised release] and does not extend the term of probation or of supervised release; and (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so." Fed. R. Crim. P. 32.1(c)(2).

including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence … largely the same considerations the court must assess when imposing the original sentence." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). Early termination of supervision may be appropriate on account of "new or unforeseen circumstances" not contemplated at the initial imposition of supervised release. *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). Changed circumstances that justify early termination include a defendant's exceptionally good behavior that makes the previously imposed term of supervised release "either too harsh or inappropriately tailored to serve" general punishment goals. *Id.*

In the instant case, Defendant Brazel has served over three years of supervised release out of the five years imposed. During that period, as the U.S. Probation Office's response indicates, he has demonstrated only minor deviations from the conditions of supervision. (Dkt. Entry #4). Overall, the Probation Office's response reflects that Defendant Brazel has satisfied all of his financial obligations to the Court, has tested negative for controlled substances, and has maintained full-time employment with his current employer since April of 2018. (*Id.* at 2).

3

Therefore, in light of Defendant's progress on supervision as described by the U.S. Probation Office, and in the interests of justice, the United States does not object to early termination.

This the 17th day of May, 2019.

>Respectfully submitted,
>
>MATTHEW G.T. MARTIN
>United States Attorney
>
>/S/ ANGELA H. MILLER
>Assistant United States Attorney
>SCSB #11662
>United States Attorney's Office
>Middle District of North Carolina
>101 S. Edgeworth St., 4th Floor
>Greensboro, NC  27401
>Phone:  336/333-5351

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:16CR316-1 |
| | : | |
| RYAN BRAZEL | : | |

CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and that a copy of same was served on the defendant at the following address:

Ryan Brazel
4319 Comanche Trail
Greensboro, NC 27406

    Respectfully submitted,

    MATTHEW G.T. MARTIN
    United States Attorney


    /S/ ANGELA H. MILLER
    Assistant United States Attorney
    SCSB #11662
    United States Attorney's Office
    Middle District of North Carolina
    101 S. Edgeworth St., 4th Floor
    Greensboro, NC   27401
    Phone:   336/333-5351