IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:16-CR-316 |
| | ) | |
| RYAN BRAZEL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on the defendant's motion for early termination of supervised release. Doc. 3. For the reasons stated, the motion will be granted.

In 2012, Mr. Brazel pled guilty in the Southern District of Illinois to one count of conspiracy to commit mail and wire fraud in connection with telemarketing. On June 29, 2012, he was sentenced to 121 months imprisonment, to be followed by five years of supervised release. *See* Doc. 1-3, S.D. Ill. Docket, Minute Entry June 29, 2912 and Doc. 115. On November 15, 2012, pursuant to a Rule 35 motion, Mr. Brazel's sentence was reduced to 70 months of imprisonment to be followed by 5 years of supervised release. *See* Doc. 6 at 1. Mr. Brazel was released to the jurisdiction of the United States Probation Office in this district on November 20, 2015 and jurisdiction was transferred to the Middle District of North Carolina on September 2, 2016. Doc. 1. He has now completed three and a half years of supervised release.

The district court may "terminate a term of supervised release and discharge the defendant" only "after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of

justice."  18 U.S.C. § 3583(e) (1); *see United States v. Pregent*, 190 F.3d 279, 282-83 (4th Cir. 1999).  In considering whether to terminate supervised release, courts must consider the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), and (a)(4) to (a)(7) before terminating supervised release.  § 3583(e).  "[M]ere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination."  *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003); *see also Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010).

Mr. Brazel completed a substance abuse program while in prison, and he has been a faithful participant in a 12-step recovery program.  Doc. 3 at 7; Doc. 4 at 2.  He has consistently been employed while on supervised release.  *Id.*  The Government does not object to early termination, Doc. 6, and the Probation Officer says that Mr. Brazel has done well on supervision and has paid his monetary obligations in full.  Doc. 4.

This case represents a rare instance where early termination is warranted.  As noted, Mr. Brazel served a significant term in prison and since his release he has complied with the conditions of supervision for over three years.  He is employed and is active in a 12-step program.  He also has stable family relationships, including a fiancé and her mother who he helps care for, and two young children.

The § 3553(a) factors support early termination.  Mr. Brazel pled guilty.  The need to provide just punishment has been served by the felony conviction, the substantial term of imprisonment, and three and a half years of supervised release.  18 U.S.C. § 3553(a)(2)(A).  His lack of new convictions, negative drug tests, and the Government's

lack of opposition to the motion suggest that continuing supervision is not necessary to protect the public or to deter him from further crimes. 18 U.S.C. § 3553(a)(2)(C). Finally, there is nothing to suggest that the defendant has any ongoing treatment or other rehabilitative needs, and he has satisfied all court-ordered financial obligations. 18 U.S.C. § 3553(a)(2)(D) & (a)(7).

Based on the foregoing, it is **ORDERED** that:

1. Mr. Brazel's motion for early termination of supervised release, Doc. 3, is **GRANTED**.

2. The term of supervised release as to Ryan Brazel is **TERMINATED** and he is released from supervision.

This the 28th day of May, 2019.

_____
UNITED STATES DISTRICT JUDGE